UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- X

CHRISTINA SANFELIZ,              :

         Plaintiffs,           :

     -against-            :

LT. CHRISTOPHER WILLIAMS,  :
ET. AL.,

                   :

        Defendants.
--------------------------------------------------------X

**22 CV 8914 (CS)**

**CONFIDENTIALITY STIPULATION AND ~~PROPOSED~~ PROTECTIVE ORDER**

WHEREAS the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure,

IT IS HEREBY STIPULATED, AGREED, and ORDERED that the following restrictions and procedures shall apply to the information, testimony, and documents produced by the Parties, and as appropriate, non-parties, in this action:

1.    This Protective Order shall apply to all information and materials, including "documents" as defined by Federal Rule of Civil Procedure 34(a) and Rule 26.3 of the Local Rules of this Court, produced or disclosed during the course of the above-captioned action (the "Action"), by any party or non-party, including but not limited to information produced or disclosed:

    (a)    In any pleading, document, affidavit, interrogatory answer, responses to requests for admission, brief, motion, transcript, or any other written, electronic, recorded, or graphic material;

(b)    In testimony given in a deposition, and any copies, or summaries of such information; or

(c)    Through any manner or means of discovery, including entry onto land or premises and inspection of books, records, documents and tangible things.

2.    The following documents and information produced or provided by the parties or nonparties during the course of this action, including during the course of discovery, except publicly available information, may be designated by either Party as "Confidential Material":

(a)    All documents and information that relate to the substance or contents of any and all personnel files and records, including but not limited to personal, departmental, and administrative files and other personnel information prepared or maintained by The New York State Police ("NYSP"), including but not limited to documents reflecting the evaluations, reviews, performance, discipline, salary, personal health information, age, race, national origin, sexual orientation or gender of any personnel at NYSP;

(b)    All documents and information that relate to any statements, reviews, minutes, discussions, communications, evaluations, deliberations, analyses, votes, or recommendations by or made to any committee or individual who votes, passes upon, reviews, makes recommendations upon, or considers personnel matters at NYSP;

(c)    All documents and information concerning complaints to, investigations by, or reports of any office, committee, person, or agency, including but not limited to any office or committee of NYSP, the New York State Division of Human Rights, or

the United States Equal Employment Opportunity Commission, relating to allegations of discrimination at NYSP;

(d)     Documents and information relating to the private, personal, and non-public information of non-parties to the Action;

(e)     Any documents and information which counsel for all parties agree should be considered Confidential Material; and

(f)     Testimony about the documents and information covered by Paragraph 1(a)-(e).

3.     A Producing Party may designate documents or testimony as "Highly Confidential – Attorney Eyes Only" if such party in good faith believes that such discovery material contains highly confidential material which comprises highly sensitive information relating to criminal investigations, investigative techniques, other law enforcement related procedures or techniques, or personnel information pertaining to past or current New York State Police employees. In addition, a party shall have the further right to designate and mark documents, information or materials that relate to other confidential information that the producing party reasonably believes is of such nature and character that disclosure of such information would be harmful to the producing party, s being "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

4.     Any summary, compilation, notes, copy, electronic images, or database containing material and/or information designated as "Confidential" shall be subject to the terms of this Protective Order to the same extent as the material or information from which such summary, compilation, notes, electronic image, or database is made or derived.

5.     Any Party producing confidential materials described in Paragraph 2 of this Protective Order ("the Producing Party") may designate such materials as Confidential Material by marking the document with the words "CONFIDENTIAL," "CONFIDENTIAL-SUBJECT TO

PROTECTIVE ORDER," or with a similar legend. Where such marking of each piece of such material is impossible or impractical (such as productions of groups of documents in native form), the Producing Party shall designate in writing that information or material it regards as containing Confidential Information at the time of its production.  In the case of any Discovery Material that is in the form of an audio or video recording (whether analog or digital) that cannot be designated "Confidential" in a practicable and cost-efficient manner, it shall be sufficient for the Producing Party to clearly mark the CD-ROM, DVD, or other physical medium containing such electronic data or documents with the appropriate designation. So-marked documents and the information contained therein, shall not be disclosed to anyone by the party receiving the Confidential Material ("the Receiving Party"), except as provided in this Protective Order.

   6. A Confidentiality designation by one Party shall not be deemed an acknowledgment of confidentiality by any other Party except for purposes of this Protective Order. Each Party hereto reserves the right to make an application to the Court on notice challenging a designation of confidentiality in whole or part of any document or information.  In the event of such application, the Court's procedures for resolving discovery disputes shall be followed.  Material designated as Confidential shall be treated as such until either the parties agree or the Court rules otherwise.

   7. Any party, through its counsel, may designate as Confidential any deposition testimony that the attorney believes in good faith discusses or discloses Confidential Materials. Such designation may be made orally on the record of a deposition or by notice within 30 days from the receipt of the final (i.e., not "draft" or "rough") transcript. The court reporter shall be notified of any confidentiality designations made after the transcript is sent to the parties. Upon receipt of a confidentiality designation, all parties in possession of the deposition transcript shall be required to mark the designated pages accordingly on all copies of the transcript and treat those

4

pages of the transcript appropriately. Subject to any requirements of the Court, the reporter for any deposition or hearing shall affix a legend of "CONFIDENTIAL" to pages that contain testimony designated as such. All transcripts shall be treated as "CONFIDENTIAL" until the time to designate has expired. Confidential material used as exhibits or otherwise referenced in deposition transcripts maintain their designation as Confidential whether or not references to them in the transcript are designated Confidential. Any disputes about material designated Confidential under this paragraph shall be resolved pursuant to the procedure set forth in paragraph 5.

8.      In the event that any Party obtains documents or information from a Party or nonparty that it believes is confidential, any Party may designate such information as Confidential Material pursuant to this Protective Order and it shall be treated as such in accordance with this Protective Order. Any disputes, about material designated Confidential under this paragraph shall be resolved pursuant to the procedure set forth in paragraph 5.

9.      Any person making copies of Confidential Material must ensure that the copies adequately reflect the "Confidential" designation.

10.      All materials produced in this Action shall be used by the Receiving Party solely for the purposes of prosecuting or defending this Action and not for any other purpose.

11.      All Confidential Material shall be maintained by the Parties in a confidential manner, and shall not be given, shown, or described to any persons other than those described in Paragraph 11 and only pursuant to the procedures in Paragraph 14.

12.      Unless otherwise ordered by the Court or agreed to by the Parties in writing, Confidential Material, including information contained in the Confidential Material or testimony concerning the Confidential Material may be disclosed only to:

(a)      The Court and personnel employed by it;

(b)     Counsel to the Parties in the above-captioned litigation (including in-house counsel at the NYSP) and the attorneys, legal assistants, paralegal, clerical, and other support staff who are employed by such counsel or are independent contractors of counsel and who are actually involved in assisting in the litigation;

(c)     The Individual Parties to this action and officers or employees of any named Party who is either required by such Party or requested by counsel to assist in the prosecution or defense of the action;

(d)     Experts or consultants retained by the parties or their counsel to assist counsel to prepare this case for trial in accordance with the procedures set forth in Paragraph 14 of this Protective Order;

(e)     For purposes of investigation, preparation, deposition, or trial in this action only, any deponent, witness, or potential deponent or potential witness who authored or otherwise had access to and familiarity with the document or information at the time of its original creation and use, or had familiarity with or possessed knowledge of facts and circumstances of the action to which the document or information relates in accordance with the procedures set forth in paragraph 14 of this Protective Order;

(f)     Court reporters who record depositions or other testimony in this case; and

(g)     Any other person upon the written agreement of the party or non-party who produced or disclosed the Confidential Materials, or pursuant to court order.

13.     No Confidential Material shall be filed in the record of this action or with the Court except as follows:

(a)   If a Party uses Confidential Material in a pleading, motion, or other submission filed with the Court, the Party using the Confidential Material shall redact such Confidential Material from the submission filed in the public file, but will provide an unredacted complete courtesy copy to the judge or magistrate judge herein with a request that the courtesy copy not be included in the public file. If redaction of only the Confidential Material as set out above would be both significantly impractical and likely to be unduly burdensome for the Court, the filing party may request an order from the Court directing the sealing of the Confidential Material, or placing the entire pleading, motion or submission under seal, provided, however, that any delay in filing occasioned by the need for such a court order shall not result in a default by the Party seeking such order or otherwise prejudice the Party's rights.

(b)   If a Party intends to use or elicits testimony concerning Confidential Material at trial or in open court on any occasion in a manner that will disclose the Confidential Material, the Party intending to so use Confidential Material shall take all steps reasonably required to protect the material's confidentiality during such use. Subject to any contrary directive from the court, such party will notify the producing party of his or her intent to introduce confidential information and give that party an opportunity to request that the court seal the courtroom. Nothing herein shall preclude a party from offering confidential information into evidence or otherwise alter its trial strategy. Nothing contained herein shall be deemed to restrict the Court's handling of Confidential Material or to cause a Party to be in breach of this Protective Order when acting in compliance with an order or direction of the Court.

14.     Nothing in this Protective Order shall be construed to limit, modify, or interfere in any manner with:

(a)     The disclosure obligations of NYSP under the New York Freedom of Information Law ("FOIL"), New York Public Officers Law Article 6, and related state law, regulations, and judicial decisions;

(b)     The interpretation, application, and implementation by NYSP, its public access officers, and state courts, of FOIL and related state law, regulations, and judicial decisions as well as other laws and regulations;

(c)     NYSP's or its employees' or officials' use in the ordinary course of business and as permitted by law outside of this action of documents and information designated as Confidential in this action that they legally have in their possession and which were not received through discovery in this action or through releases or authorizations signed by plaintiff; or

(d)     Any Producing Party's use of its own Confidential Material.

(e)     Notwithstanding any provision set forth herein, either party may use without restriction information that is in its possession by means other than receipt of a production pursuant to this Protective Order or the Confidentiality Stipulation entered into in connection with mediation.

15.     Prior to the disclosure of any Confidential Material to a person identified in subparagraphs 11 (d), (e), or (g), who is not also identified in another subparagraph of paragraph 11, counsel for the party proposing to make such disclosure shall ensure that a copy of this Order has been delivered to such person, and shall obtain that person's written agreement to be bound by the terms of this Order and consent to the Court's jurisdiction for the purpose of enforcing this

Order in the form of the Non-Disclosure Agreement annexed hereto as Exhibit A.  Counsel of record shall maintain a list of the names of all persons to whom such materials or information is disclosed and such list shall be available for inspection by counsel for the party claiming confidentiality upon order of the Court following a showing of good cause. The Party in possession of Confidential Material must retain each signed Non-Disclosure Agreement, hold it in escrow, and provide it to the Producing Party either before such person is permitted to testify (at deposition or trial), or at the conclusion of the case, whichever comes first.

16.    The inadvertent or unintentional disclosure of Confidential Materials or documents without the "Confidential" designation shall not be deemed a waiver of confidentiality by the Producing Party, either as to the specific information disclosed or as to any other information on the same or related subject matter.  The inadvertent or unintentional disclosure of Confidential Materials and/or documents may be corrected by providing supplemental written notice to the receiving party as soon as practicable.  Thereafter, the inadvertently disclosed item or information shall be treated as Confidential.  Upon receiving written notices concerning inadvertent production of privileged material, the receiving party shall forthwith return to the Producing Party the originals and all copies of the privileged material, delete any versions of the privileged material stored in the databases it maintains, and make no use of the privileged material, ***except that*** any party may contest the designation of any documents as privileged, whether withheld from production or produced inadvertently.

17.    In the event of a disclosure to an unauthorized Party of information designated under this Protective Order as Confidential, the disclosing party shall without delay (a) notify the Designating Party of the disclosure; (b) without delay take all reasonable steps to recover the

document, material or other information, and (c) report to the Designating Party immediately upon recovery or failure to recover the Confidential Material.

18.     Fed. R. Civ. P 26(b)(5)(B) shall govern the return and use of materials produced in discovery which are subject to a claim of privilege or of protection as trial preparation material and the determination of claims of privilege or protection regarding such documents.

19.     The production of privileged or work-product protected documents, information, or electronically stored information ("ESI"), whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

20.     This Protective Order does not preclude a Party from raising or preserving objections to discovery and does not waive any Party's right to assert attorney-client, attorney work product, or any other privilege as the action proceeds.

21.     This Protective Order does not require production of documents as to which objections or privileges apply.

22.     If any Party is served with a subpoena or other notice in another proceeding or from a regulatory or other governmental agency requesting or compelling the production of materials produced by another party and designated as Confidential, the party so requested shall give immediate written notice to the Designating party of such subpoena or other notice. Upon receipt of such notice, the Designating Party so notified shall bear the burden of opposing, if appropriate, the subpoena or other notice on grounds of confidentiality.  In no event shall production or disclosure be made before reasonable notice is given to the designating party.

23.     Within thirty days of the final conclusion of this action, including any post-trial motions or appellate proceedings, upon request of counsel, all matter designated as Confidential (including all copies of the same documents or identifiable portions thereof and all documents reflecting the documents or their contents) shall be returned promptly by the receiving Party to the producing Party, or, in lieu of their return, they may be destroyed (as by shredding) and the destruction of all such documents (except those returned) promptly certified by the Receiving Party, who shall notify the Producing Party in writing promptly of such destruction. ***However***, Counsel may retain their work product, copies of court filings and official transcripts and exhibits, provided any and all retained documents are kept confidential and will, along with the information contained therein, continue to be treated as provided herein.

24.     Non-parties from whom discovery is sought by the parties to this Order may designate materials as Confidential, consistent with the terms of this Protective Order, provided that such non-parties agree in writing to be bound by the terms of this Protective Order prior to the production of any such materials by executing the Non-Disclosure Agreement annexed hereto as **Exhibit A**. Under such circumstances, all duties applicable to the parties that are signatories to this Protective Order shall apply to such non-parties.

25.     Nothing in this Protective Order shall prejudice the rights of any Party to contest the alleged relevance, admissibility, or discoverability of Confidential Material sought.

26.     This Protective Order is intended to be contractual in nature and may not be modified or changed orally. All changes or modifications shall be made in writing executed by the parties and ordered by the court.

27.     The foregoing is without prejudice to the right of the parties to apply to the Court for a further Protective Order relating to any documents and/or information provided pursuant to this Protective Order.

28.     This Protective Order may be executed in counterparts, all of which shall be considered the same as if a single document was executed. This Protective Order shall become effective as to the parties upon complete execution by the counsel for the parties below. Counsel for the parties executing this Protective Order represent and warrant the he or she has the authority to execute this Protective Order on behalf of his or her client and to bind his or her client to the terms and conditions of this Protective Order set forth herewith.

29.     Nothing herein shall negate or obviate any requirement or obligation of confidentiality independent of this Protective Order.

30.     For purposes of the execution of this document, a faxed or scanned signature shall be deemed to have the same effect as an original signature.

31.     The Parties reserve the right to seek modification of this Protective Order by application to the Court for good cause shown.

32.     The Court shall have the power to enforce this Protective Order and impose sanctions and penalties for its violation.

Dated: Goshen, New York
March ___, 2024  April 3, 2024

SUSSMAN & GOLDMAN
*Attorneys for Plaintiffs*


By: _____
Michael Sussman, Esq. (3497)
P.O. Box 1005
1 Railroad Avenue
Suite 3
Goshen, New York

Dated: New York, New York
March ___, 2024  April 3

LETITIA JAMES
Attorney General
State of New York
*Attorney for Defendants*

By: _____
    Michael J. Keane
Assistant Attorney General
28 Liberty Street
18th Floor
New York, New York
Michael.Keane@ag.ny.gov


SO ORDERED:

Dated: ___April 4___, 2024

_____
Cathy Seibel
United States District Judge

# EXHIBIT

# A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------- X
CHRISTINA SANFELIZ,                          :

        Plaintiffs,                          :

   -against-                                     :

LT. CHRISTOPHER WILLIAMS,          :
ET AL.,
                               :

        Defendants.
--------------------------------------------------X

22 CV 8914 (CS)

**NON-DISCLOSURE AGREEMENT**

    I, _____, the undersigned, hereby certify that I have read and understood the Stipulated Protective Order Concerning the Designation and Use of Confidential Materials entered in this action, and I hereby agree to abide by its terms and condition. I understand that Confidential Material and any copies, notes, or other records that may be made regarding Confidential Material shall not be used by me or disclosed to others, except in conformity with this Stipulation and Order, and that I may be held in contempt of court if I violate the terms of the Stipulation and Order.

(Signature on following page)

Dated: _____

_____
              Signature

_____
              Name (Printed)

Sworn to before me this ____ day
of _____, 2024.

_____
        NOTARY PUBLIC